UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JASMINA FUENTES,
CAROLINA HENAO,
and other-similarly situated individuals,

      Plaintiffs,

v.

COLOR FACTORY, INC.,
GREAT PAINTING CORP.,
BL EXCLUSIVE PAINTING SERVICES CORP,
CARLOS C. SAMPAIO,
ALEJANDRA VEGA,
and JHOAN BASTARDO LINARES, individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs JASMINA FUENTES, CAROLINA HENAO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants COLOR FACTORY, INC., GREAT PAINTING CORP., BL EXCLUSIVE PAINTING SERVICES CORP, and CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES, individually and allege:

### JURISDICTION VENUES AND PARTIES

1.     This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.     Plaintiffs JASMINA FUENTES and CAROLINA HENAO are residents of Miami-Dade County within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

3.     Corporate Defendant COLOR FACTORY, INC. (hereinafter COLOR FACTORY, or Defendant) is a Florida corporation having a place of business in Dade and Broward County, Florida. At all times, Defendant was engaged in interstate commerce.

4.     Corporate Defendant GREAT PAINTING CORP. (hereinafter GREAT PAINTING, or Defendants) is a Florida Profit Corporation having offices in Hallandale and performing business in Dade and Broward Count. At all times, Defendant was engaged in interstate commerce.

5.     Corporate Defendant BL EXCLUSIVE PAINTING SERVICES CORP (hereinafter BL EXCLUSIVE PAINTING, or Defendant) is a Florida Profit Corporation having offices in Hallandale and performing business in Dade and Broward County. At all times, Defendant was engaged in interstate commerce.

6.     The individual Defendant, CARLOS C. SAMPAIO, is the owner/partner/ and manager of COLOR FACTORY, had operational control over the company, managed, supervised, and oversaw the company's affairs and/or its employees, and had responsibility for supervision over employees such as Plaintiffs. This individual Defendant is the employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d).

7.     The individual Defendants, ALEJANDRA VEGA and JHOAN BASTARDO LINARES, are the owners/partners and managers of Defendant Corporations GREAT PAINTING and BL EXCLUSIVE PAINTING, had operational control over the company, managed, supervised, and oversaw the companies' affairs and/or its employees, and had

responsibility for supervision over employees such as Plaintiffs. These individual Defendants are the employers of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d).

8.      Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING are joint employers of Plaintiffs. They also constitute a joint enterprise for the purpose of reaching the $500,000.00 threshold, which triggers enterprise coverage.

9.      All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

<u>GENERAL ALLEGATIONS</u>

10.     This cause of action is brought by Plaintiffs JASMINA FUENTES and CAROLINA HENAO to recover from Defendants regular unpaid wages and overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act").

**Enterprise Coverage**

11.     The Defendant companies were, at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Defendants operated as organizations which sell and/or market and/or handle its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Defendant entities obtain and solicit funds from non-Florida sources, accepts funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the state of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees.

The corporate Defendants received goods and materials that moved in commerce, and Plaintiffs and/or two or more employees handled those goods on a frequent and recurrent basis. Upon information and belief, the annual gross revenue of the Defendant entities was at all times material hereto in excess of $500,000.00 per annum and/or Plaintiffs, by virtue of working in interstate commerce; otherwise satisfy the FLSA's requirements. Plaintiffs' work for the Defendant entities was in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12.     By reason of the foregoing, the Defendants was and is, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff and those similarly situated are within interstate commerce.

**Joint Enterprise Aggregation of Income to reach $500,000.00 threshold**

13.     Defendant, (1) COLOR FACTORY, together with (2) GREAT PAINTING, and (3) BL EXCLUSIVE PAINTING, operated as an "enterprise," as defined in 29 U.S.C. § 203 (r); 29 C.F.R. § 779.202. The combined income of the entities may be aggregated to meet the $500,000.00 threshold and establish enterprise coverage. The three entities functioned as a single unit for the purpose of providing painting services through the labor of Plaintiffs. *Cornell v. CF Ctr., LLC*, 410 Fed. Appx. 265, 267 (11th Cir. 2011). Plaintiffs were required to wear a uniform bearing the name COLOR FACTORY. All the wages to pay Plaintiffs came directly from COLOR FACTORY and funneled to pay Plaintiffs through GREAT PAINTING and/or BL EXCLUSIVE PAINTING. The entities performed related activities using their employes to perform painting services and labor, had common vendors, transferred products and materials from one place to the other, jointly created business schedules, shared employees and managers, provided mutually

supportive services, had the same owners, officers, performed unified operations, the engaged in painting activities through a unified operation or common control, and/or were commonly controlled and had a common business purpose (i.e., the painting business).

### Joint Employment

14.     Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING are construction contractors specializing in painting services for residential and commercial accounts.

15.     The corporate Defendant COLOR FACTORY has offices at 680 S Military Trail, Deerfield Beach, Broward County, Florida 33442. COLOR FACTORY is the main contractor for the painting project of Acqualina Luxury Beach Resort.

16.     GREAT PAINTING and BL EXCLUSIVE PAINTING have offices at 15 Palm Avenue, Hallandale, Florida 33009, and both corporations are sub-contractors of COLOR FACTORY.

17.     Corporate Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING worked in the renovation project of Acqualina Luxury Beach Resort and Residences located at 17875 Collins Avenue, Sunny Isles Beach, Florida 33160, where Plaintiff and other similarly situated individuals were employed to work.

18.     Defendants COLOR FACTORY, GREAT PAINTING, and  BL EXCLUSIVE PAINTING were joint employers of Plaintiffs because: 1) Corporate Defendants were equally responsible for the work performed at Acqualina Resort, where Plaintiffs and the other similarly situated employees worked; 2) Defendants through their owners/managers had equal and absolute control over the schedules of Plaintiffs and other employees similarly situated; 3) Defendants through their management jointly and equally determined terms and employment conditions of

Plaintiffs and other employees similarly situated; 4) the work performed by Plaintiffs and other similarly situated individuals was an integral part of the business operation of the Defendant companies; 5) the Corporate Defendants had equal power to hire and to fire employees from COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING; Defendants' employees and supervisors supervised schedules, and times records of Plaintiffs and other similarly situated individuals; 7)   Defendants supervised operations wearing Color Factory's uniforms, 8) Defendants engaged in a conspiracy where COLOR FACTORY used GREAT PAINTING, and BL EXCLUSIVE PAINTING, paid the wages of COLOR FACTORY employees, to avoid overtime pay, payroll taxes, and worker compensations expenses, and as such became a unified operation.

19.    Therefore, the Defendant companies equally hired and fired employees, supervised, and controlled Plaintiffs' work schedules, and maintained employment records of Plaintiffs and other similarly situated individuals. Because the work performed by Plaintiffs and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants COLOR FACTORY GREAT PAINTING BL EXCLUSIVE PAINTING are joint employers.

20.    Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING are also the joint employers of Plaintiffs and other similarly situated employees under the FLSA's broad definition of "employer" (29 USC §203 (d)), and they are jointly and severally liable for Plaintiffs' damages.

21.    In the alternative, the Defendant companies directly employed Plaintiff. Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING, CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES employed

Plaintiffs. The individual Defendants had operational control over the company, managed, supervised and oversaw the company's affairs and/or its employees, and had responsibility for supervision over employees such as Plaintiffs.

### Plaintiff's Work

22.     Plaintiffs were hired as pre-paint-caulkers/painters, and their primary duty was caulking before painting. Plaintiff JASMINA FUENTES had a wage rate of $14.00 an hour, and Plaintiff CAROLINA HENAO had a wage rate of $13.00.

23.     While employed by Defendants, Plaintiffs worked more than 40 hours every week, but they were not paid for all their regular and overtime hours worked. The paychecks for Plaintiffs show that the hours worked more than 40 per week, were paid at the regular rate, and not time-and-a-half their regular rate.

24.     Plaintiffs had a regular and mandatory schedule, and they regularly worked six days per week. Plaintiffs regularly worked more than forty hours per week but were not paid overtime wages. Moreover, Defendants illegally deducted time for meal periods, which should also be compensated pursuant to the FLSA. These unproperly deducted lunch hours constitute additional unpaid overtime hours.

25. There were many weeks in which Plaintiffs and other similarly situated individuals showed up for work as required while on duty in the work site; if the work was interrupted or delayed for any reason, Defendants did not count the time spent waiting, or were engaged to be waiting, time which is compensable under the FLSA.

26. Plaintiffs did not clock in and out, but Defendants signed timesheets for Plaintiffs and other regularly situated individuals. Plaintiffs and other similarly situated individuals worked under the supervision of Defendants' employee/supervisors. Defendants were in complete control

of Plaintiffs' schedules and time records. Defendants knew the real number of hours that Plaintiffs and other similarly situated individuals were working.

27. Plaintiffs were paid bi-weekly with company checks from GREAT PAINTING and BL EXCLUSIVE PAINTING without any paystub or records showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc., in violation of the FLSA' time and payroll record keeping requirements. The paychecks show that Plaintiffs worked in excess of 40 hours per week and were paid their regular rate for hours worked over forty per week.

28. The overtime violations were committed with willful or reckless disregard for the law. Defendants failed to keep accurate time and payroll records as required by the FLSA. The failure to keep accurate time and payroll records was designed to avoid overtime pay. A scheme and conspiracy were devised, where COLOR FACTORY purported to use the other named defendant companies as subcontractors. The scheme was devised to avoid payment of overtime wages, to avoid payroll taxes and the high cost of worker's compensation insurance. Plaintiffs were paid with checks which show that hours worked were more than 40 per week and Defendants had full knowledge of the scheme to avoid overtime pay by using different companies to pay Plaintiffs' wages, and to avoid employees from appearing in the payroll for COLOR FACTORY, all as part of a conspiracy to avoid overtime pay. There were weeks when FUENTES was not paid any wage at all. Defendants illegally deducted time workers under the auspice that it was a meal period. Defendants did not pay for hours while Plaintiffs were engaged to work. Defendant COLOR FACTORY has for more than one decade used subcontractors to pay the wages of its employees as a part of a scheme/conspiracy to avoid overtime pay. The conspiracy kept employees' names

off the books to avoid liability from DOL investigations which took place and to avoid FLSA liability.

29. Therefore, Defendants, individually and/or as part of a conspiracy, willfully, or with reckless disregard, failed to pay Plaintiffs overtime and minimum wages in violation of 29 USC §206-207.

30. Immediately Prior to her employment being terminated, Plaintiffs JASMINA FUENTES and CAROLINA HENAO complained to Defendants' decision maker. Plaintiffs complained about missing paychecks, missing her complete pay, regular hours, and missing payment for overtime hours. Plaintiff always received the same answer: "If you do not like it, you can leave." Defendants' decision maker terminated Plaintiffs' employment.

31. As a direct result of these complaints, on or about Sunday, February 13, 2022, FUENTES employment was unlawfully and retaliatorily terminated. On or about February 27, 2022, the employment of HENAO was unlawfully and retaliatorily terminated as well.

32. Plaintiffs are not in possession of time and payment records, but they will provide a good-faith estimate of unpaid wages based on their recollections. Plaintiffs will amend their Complaint accordingly when Defendants produce time and payment records.

33. Plaintiffs JASMINA FUENTES and CAROLINA HENAO intend to recover regular unpaid wages, overtime wages for every hour in excess of 40 in a week, liquidated damages, retaliatory damages, and any other relief as allowable by law.

34. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

The similarly situated employees are those individuals who worked as caulkers and painters, they were hourly paid, but were not paid a minimum wage for the hours worked in excess of forty (40) per week.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION.**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

35.     Plaintiffs JASMINA FUENTES and CAROLINA HENAO re-adopt every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

36.     This cause of action is brought by Plaintiffs JASMINA FUENTES and CAROLINA HENAO, individually and as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

37.     Defendants employed Plaintiff JASMINA FUENTES as a non-exempted full-time hourly employee from approximately October 01, 2021, to February 11, 2022, or 19 weeks. Plaintiff's wage rate was $14.00 an hour, and her overtime rate should be $21.00 an hour.

38.     Defendants employed Plaintiff CAROLINA HENAO as a non-exempted full-time hourly employee from approximately October 28, 2021, to February 27, 2022, or 17 weeks. Plaintiff's wage rate was $13.00 an hour, and her overtime rate should be $19.50.

39.     Plaintiffs were hired as caulkers/painters, and their main duty was caulking before painting. While employed by Defendants, Plaintiffs worked more than 40 hours every week, but they were not paid for all her regular and overtime hours worked.

40.     Defendants illegally deducted time worked under the auspice that it was a as meal period and Defendants did not pay Plaintiffs while engaged to be working. Defendants were in complete control of the Plaintiffs' schedule and time records. Defendants knew the actual number of hours that Plaintiffs and other similarly situated individuals were working.

41.     The overtime violations were committed with willful or reckless disregard for the law. Defendants failed to keep accurate time and payroll records as required by the FLSA. The failure to keep accurate time and payroll records was designed to avoid overtime pay. A scheme and conspiracy were devised, where COLOR FACTORY purported to use the other named defendant companies as subcontractors. The scheme was devised to avoid payment of overtime wages, to avoid payroll taxes and the high cost of worker's compensation insurance. Plaintiffs were paid with checks which show that hours worked were more than 40 per week and Defendants had full knowledge of the scheme to avoid overtime pay by using different companies to pay Plaintiffs' wages, and to avoid employees from appearing in the payroll for COLOR FACTORY, all as part of a conspiracy to avoid overtime pay. There were weeks when FUENTES was not paid any wage at all. Defendants illegally deducted time workers under the auspice that it was a meal period. Defendants did not pay for hours while Plaintiffs were engaged to work. Defendant COLOR FACTORY has for more than one decade used subcontractors to pay the wages of its employees as a part of a scheme/conspiracy to avoid overtime pay. The conspiracy kept employees' names off the books to avoid liability from DOL investigations which took place and to avoid FLSA liability.

42.     Plaintiffs were paid bi-weekly with company checks from GREAT PAINTING and BL EXCLUSIVE PAINTING without any paystub or records showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc. Therefore, Defendants willfully failed to pay Plaintiffs overtime wages at the rate of time and a half their regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

43.     The records, if any, concerning the number of hours actually worked by Plaintiffs and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiffs and other employees.

44.     Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45.     Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Defendants violated the Posting requirements of 29 USC § 516.4.

46.     At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiffs and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

47.     Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly situated these overtime wages since the commencement of

Plaintiffs and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages.

48.     At times mentioned, individual Defendants CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES were the owners/partners and managers of COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING. The individual Defendants had operational control over the Defendant entities or supervised and controlled Plaintiffs terms of employment, rendering them individually liable within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in the interests of the Corporation in relation to its employees, including Plaintiff and others similarly situated. Defendants CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES had financial and operational control of the business, they determined the terms and working conditions of Plaintiffs and other similarly situated employees, and they are jointly and severally liable for Plaintiffs' damages.

49.     Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

50.     Plaintiffs JASMINA FUENTES and CAROLINA HENAO have retained the law offices of the undersigned attorneys to represent them in this action and are obligated to pay a reasonable Attorney's fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JASMINA FUENTES, CAROLINA HENAO, and those similarly situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiffs JASMINA FUENTES and CAROLINA HENAO and other similarly situated individuals and against the Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING, CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES, jointly and severally, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B.  Award Plaintiffs JASMINA FUENTES and CAROLINA HENAO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; or prejudgment interest, and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Enter judgment against Defendants, jointly and severally, and grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

51.   Plaintiffs JASMINA FUENTES re-adopts every factual allegation as stated in paragraphs 1-37 of this Complaint as if set out in full herein.

52.     This action is brought by Plaintiffs JASMINA FUENTES and to recover from the Employers COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES, unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

53.     29 USC §206 states (a) "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

54.     Defendants employed Plaintiff JASMINA FUENTES as a non-exempted full-time hourly painter from approximately October 01, 2021, to February 11, 2022, or 19 weeks. Plaintiff had a wage rate of $14.00 an hour.

55.     There were 3 weeks when FUENTES was not paid any wages at all. The FLSA requires that wages be promptly paid. During a fourth pay period, Defendants deducted $1,000.00 from the wage owed to FUENTES and she received less than the minimum wage during that pay period. The failure to pay the minimum wages constitutes a minimum wage violation. The failure to promptly pay wages also constitutes an FLSA violation.

56.     Plaintiff JASMINA FUENTES was fired on or about February 13, 2022, and at the time of her firing, Defendants did not pay Plaintiff the equivalence of 4 weeks of employment. Defendants gave Plaintiff bad checks but never reimbursed Plaintiff for the value of those checks.

57.     Plaintiffs did not clock in and out, but Defendants employees signed timesheets for Plaintiffs and other regularly situated individuals. Plaintiffs and other similarly situated individuals worked under the supervision of Defendants. Defendants were in complete control of the Plaintiffs' schedule and time records, and they knew the actual number of hours that Plaintiff and other similarly situated individuals were working. Defendants willfully and recklessly failed to pay the minimum wage owed to FUENTES.[1]

58.     Plaintiff was paid bi-weekly with company checks from GREAT PAINTING and BL EXCLUSIVE PAINTING, without any paystub or records showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

59.     The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly-situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.

60.     Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4. Therefore, Defendants willfully failed to

---

[1]Plaintiff adopts the previously alleged facts in paragraph 28, 41 to show that the minimum wage violation was willful or reckless.

pay FUENTES minimum wages in violation of 29 USC §206 states (a) of the Fair Labor Standards Act.

61.    Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES unlawfully failed to pay FUENTES minimum wages.

62.    Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing FUENTES, and she is entitled to recover liquidated damages.

63.    At times mentioned, individual Defendants CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES were the owners/partners and managers of the Defendant entities/companies, had operational control, and supervised employees such as FUENTES. The individual Defendants CARLOS C. SAMPAIO, ALEJANDRA VEGA MAYA, and JHOAN BASTARDO LINARES, were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

64.    Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES willfully and intentionally refused to pay Plaintiffs minimum wages as required by the law of the United States and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action, and they are obligated to pay a reasonable Attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs JASMINA FUENTES request that this Honorable Court:

A.  Enter judgment for Plaintiffs JASMINA FUENTES and against the Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES, jointly and severally, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs' actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

**<u>COUNT III:</u>**

**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS</u>**

65.     Plaintiffs JASMINA FUENTES and CAROLINA HENAO re-adopt every factual allegation as stated in paragraphs 1-64 of this Complaint as if set out in full herein.

66.     Shortly before their employment was terminated, FUENTES and HENAO made a protected expression by complaining about the lack of overtime pay, and lack of payments for all hours paid. As a result of Plaintiff's protected expressions, Defendants terminated retaliated by unlawfully terminating Plaintiff's employment.

67.     The FLSA, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has

filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, ......"

68.     Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES employed Plaintiff JASMINA FUENTES and CAROLONA HENAO as non-exempted full-time hourly employees.

69.     Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES.

70.     On or about February 3, 2022, Plaintiff JASMINA FUENTES complained to Defendants' decision maker about the lack of overtime work and payment for hours worked. As a direct result of these complaints, on or about Sunday, February 13, 2022, Defendant ALEJANDRA VEGA fired Plaintiff JASMINA FUENTES. As a result of the Complaints, CAROLINA HENAO's employment was terminated on February 27, 2022.

71.     Plaintiffs' complaints constituted protected activity under the Fair Labor Standards Act.

72.     There is close proximity between Plaintiffs' last protected activity and their termination.

73.     Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES

74.     The retaliatory discharge of Plaintiffs was willfully and intentionally, as Defendants, as part of a conspiracy and scheme, refused to pay Plaintiffs regular and overtime

wages as required by the laws of the United States as set forth above, and then retaliated against Plaintiffs by firing her.

75.     At times mentioned, individual Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES, were the owners/partners and managers who had operational control and supervised employees The individual Defendants acted directly in the interests of the Corporation in relation to its employees, including Plaintiffs.

76.     The motivating factor which caused the Plaintiffs' discharge, as described above, was their complaints seeking overtime wages from the Defendants. In other words, the Plaintiffs would not have been discharged but for their complaints about overtime wages.

77. The Defendants' termination of the Plaintiffs was in direct violation of 29 USC 215 (a) (3), and, as a direct result, the Plaintiffs have been damaged.

78.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable Attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs JASMINA FUENTES and CAROLONA HENAO respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants COLOR FACTORY, GREAT PAINTING, and BL EXCLUSIVE PAINTING CARLOS C. SAMPAIO, ALEJANDRA VEGA, and JHOAN BASTARDO LINARES, jointly and severally, back pay, and liquidated as provided under the law and in 29 USC § 216(b);

C.  That Plaintiffs recover an award of reasonable Attorney fees, costs, and expenses.

D.  Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  That judgement be entered against all Defendants, jointly and severally, Plaintiffs FUENTES further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiffs JASMINA FUENTES and CAROLINA HENAO demand a trial by jury of all issues triable as of right by jury.

Dated:  August 31, 2023                                  Respectfully submitted,


By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*